**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2160-19

BRIAN W. CALMON,

     Petitioner-Respondent,

v.

PEPSI BOTTLING GROUP,

     Respondent-Appellant.

_____

     Submitted April 14, 2021 - Decided May 11, 2021

     Before Judges Ostrer, Accurso and Enright.

     On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, No. 2006-31137.

     Marshall Dennehey Warner Coleman & Goggin, attorneys for appellant (Walter F. Kawalec, III and Kristy O. Salvitti, on the briefs).

     Salzer & Salzer, LLC, attorneys for respondent (Karen B. Salzer, on the brief).

PER CURIAM

The day before we were scheduled to hear argument in Pepsi Bottling Group's appeal of the workers' compensation court order directing it to reimburse petitioner Brian W. Calmon for the medical marijuana prescribed to treat his work-related back injury, the Supreme Court issued its decision in Hager v. M&K Constr., __ N.J. __ (2021). In that opinion, the Court addressed the exact issues Pepsi raises here — that New Jersey's Jake Honig Compassionate Use Medical Cannabis Act is preempted as applied to a workers' compensation order directing reimbursement for medical marijuana by the federal Controlled Substances Act, or alternatively, that employers should be treated like private health insurers under the Compassionate Use Act, making them exempt from reimbursement under N.J.S.A. 24:6I-14. The Court held "the Legislature clearly did not intend for workers' compensation insurers to be treated as private health insurers . . . under the Compassionate Use Act" and that M&K could abide by both the Controlled Substances Act and the Compassionate Use Act, "that the latter does not currently create an obstacle to the accomplishment of congressional objectives," and thus "the Compassionate Use Act is not preempted" by the Controlled Substances Act as applied to a workers' compensation court order directing reimbursement for prescribed medical marijuana. Hager, __ N.J. __ (slip op. at 18, 41).

A-2160-19

As this case proceeded on a stipulated factual record and the only issues presented were the legal questions the Court addressed in <u>Hager</u>, we asked the parties whether they still wished oral argument in light of that opinion. Both declined. Having considered the record and the parties' arguments, we affirm the December 2, 2019 order issued by Supervising Judge of Workers' Compensation Eugene Mulvaney based on the Court's controlling opinion in <u>Hager</u>.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2160-19